IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEYTON RAVENEL, a Minor, by | : | CIVIL ACTION |
| SEAN RAVENEL, Guardian, and | : | |
| SEAN RAVENEL, Individually, | : | |
|     Plaintiffs, | : | |
| | : | |
|     v. | : | |
| | : | NO. 2:13-cv-03390-LDD |
| SMITHKLINE BEECHAM | : | |
| CORPORATION d/b/a | : | |
| GLAXOSMITHKLINE, | : | |
|     Defendants. | : | |

M E M O R A N D U M   O R D E R

AND NOW, this 14th day of August 2013, upon consideration of Plaintiff's Motion for Voluntary Dismissal Without Prejudice (Doc. No. 6) and the Parties' responses and replies thereto (Doc. Nos. 7, 11), it is hereby ORDERED that the Motion is GRANTED. The Clerk of Court shall close this action statistically.

I.    Procedural Background

On May 30, 2013, Plaintiff, a citizen of Florida, initiated this case as part of a consolidated action pending in the Pennsylvania Court of Common Pleas Mass Torts Program. The Complaint alleges that Plaintiff's mother's use of Paxil—a prescription drug manufactured by Defendant, GlaxoSmithKline—caused Plaintiff to be born with congenital birth defects.

1

Defendant removed this action to the United States District Court for the Eastern District of Pennsylvania on June 18, 2013. (Doc. No. 1). Plaintiff subsequently filed a Motion for Voluntary Dismissal Without Prejudice. (Doc. No. 6).

II. Legal Standard

Once an answer or motion for summary judgment is filed in a case, a party who seeks dismissal of the case without prejudice must obtain an order from the district court. Fed. R.Civ P. 41(a)(2). In granting a motion under 41(a)(2), the district court is authorized to impose such terms and conditions as it deems proper.

Rule 41(a)(2)'s primary purpose is to thwart voluntary dismissals by plaintiffs that would result in clear legal prejudice to defendants. The decision as to whether to grant such a motion is within the district court's sound discretion. In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluram ine) Prods. Litig., 85 F. App'x 845, 847 (3d Cir. 2004) (citing Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir.1974)); see also Kean v. Adler, 65 F. App'x 408, 415 (3d Cir. 2003) (a district court's order granting voluntary dismissal without prejudice is a "mere procedural ruling[ ]" and not a "final judgment[ ] on the merits" fit for review"); Westinghouse Elec. Corp. v. United Elec. Radio and Machine Workers of Am., 194 F.2d 770 (3d Cir. 1952) ("An order of dismissal entered pursuant to [Rule 41(a)(2)] . . . should not be disturbed on appeal of the defendant except for arbitrary action which has subjected the defendant to plain prejudice beyond the prospect of subsequent litigation.").

The Third Circuit adopts the same liberal policy for motions brought under Fed. R. Civ. P. 41(a)(2) that it utilizes in resolving motions to amend under Fed. R. Civ. P. 15(a). In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990). As a general matter, a district court

2

considering a plaintiff's motion for voluntarily dismissal must first "decide the presence or extent of any prejudice to the defendant" that may result from dismissing plaintiff's complaint. In re Diet Drugs Prods. Litig., 85 F. App'x at 847 (3d Cir. 2004) (quoting Ferguson, 492 F.2d at 29). Unless the court determines that "defendant will suffer some prejudice other than the mere prospect of a second lawsuit," the district court should grant plaintiff's motion. Paoli, 916 F.2d at 863 (citing 5 J. Moore, Moore's Federal Practice ¶ 41.05[1], at 41–62 (1988)). Voluntary motions to dismiss are generally found prejudicial where a plaintiff seeks to start its litigation anew in the advanced stages of a lawsuit, after discovery has closed and the parties have filed dispositive motions or prepared for trial. See e.g. In re Diet Drugs Prods. Litig., 85 F. App'x at 847; Ferguson, 492 F.2d at 28. Nonetheless, plain legal prejudice does not result just because the defendant faces the prospect of a second lawsuit on the same issues in a forum that may prove more favorable to the plaintiff. Paoli, 916 F.2d at 863.

III. Discussion

In this Court's sound discretion, we cannot find "plain legal prejudice" to Defendant sufficient to deny Plaintiff's Motion for Voluntary Dismissal. Plain legal prejudice does not result solely because Defendant faces the prospect that Plaintiff may re-institute this case in another forum. Id. This action, which was brought less than three months ago, is only in its initial stages. The parties have not begun factual or expert discovery, and this Court has not even issued a Rule 16 scheduling order. The parties have not filed any substantive motions with this court, and a trial date has not been set.

Despite this action's early stage, GlaxoSmithKline argues that a voluntary dismissal will cause it prejudice because such action could potentially: (1) deny Defendant its purported "right"

3

to a federal forum; (2) subject Defendant to less favorable case law in an alternate forum; or (3) subject Defendant to a collective action. We find each of these arguments speculative and without merit.

Plaintiff, a Florida resident, filed this action in the Pennsylvania Court of Common Pleas, in order to take part in a collective product liability action against Defendant. Defendant removed most, if not all, of these individual actions to federal court, where no such collective action is currently pending. Defendant now speculates that, were we to grant Plaintiff's Motion for Voluntary Dismissal, Plaintiff will re-file this action in a state court in which Defendant has no right to seek removal.[1] Defendant further fears that, in doing so, Plaintiff may join another collective action, and that, if this case proceeds to trial, plaintiff's selected forum may have evidentiary standards less favorable to Defendant than this Court's.[2]

We cannot find that Defendant's concerns amount to "plain legal prejudice." As an initial matter, we reiterate that the prospect of a second lawsuit in an alternate forum more favorable to Plaintiff does not establish prejudice, as Defendant carries no absolute right to litigate claims not arising under federal law in federal court. Additionally, at this stage, any arguments regarding Plaintiff's plans to re-file are wholly speculative. Defendant has not elaborated upon the basis of any alleged prejudice beyond mere contention, and we cannot state with certainty: (1) that Plaintiff will, in fact, re-file this action; (2) where Plaintiff may choose to re-file; (3) what evidentiary standards may apply in Plaintiff's forum of choice; and (4) whether Plaintiff will

---

[1] Defendant suggests that Plaintiff may re-file in state court and deny Defendant its right of removal by improperly joining additional defendants. At this stage, Defendants concern is grounded in mere speculation, and it is best addressed before an appropriate court if and when such a situation materializes.

[2] Defendant specifically asserts that Plaintiff may select a forum that has a more lenient standard for the admissibility of expert evidence, than the standard set out in the Federal Rules of Evidence and elaborated upon in <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579 (1993).

successfully join a collective action. Without a factual basis for Defendant's arguments, we cannot find that our granting Plaintiff's Motion will result in plain legal prejudice to Defendant.

IV. Conclusion

For the reasons set forth above, Plaintiff's Motion for Voluntary Dismissal Without Prejudice (Doc. No. 6) is GRANTED.[3]

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

---

[3] Although the district court, upon granting a voluntary dismissal under Rule 41(a)(2), is authorized to impose such terms and conditions at it seems proper, we decline to impose any such terms or conditions in this case.